IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-00828-WDM-BNB

MICHAEL M. DE ANGELI,
MICHAEL M. DE ANGELI, P.C.,

    Plaintiffs,

v.

DENNIS L. JOHNSON, et al.,

    Defendants.

_____

**ORDER ON MOTIONS TO RECONSIDER AND FOR EXTENSION OF TIME**
_____

    This matter is before me on Plaintiffs' motion to reconsider, filed February 19, 2007, and Plaintiffs' motion for an extension of time to obtain new counsel, filed March 6, 2007.  For the reasons that follow, the motion to reconsider will be denied and the motion for extension of time will be denied as moot.

    On February 17, 2006, the parties filed a stipulation for dismissal with prejudice, indicating that the parties had settled this case and asking that I retain jurisdiction to enforce their settlement agreement.  (Docket No. 46)  Later that same day, I issued a notice of dismissal that did not retain jurisdiction but merely recognized that the case was dismissed.  (Docket No. 49)  Plaintiffs now ask that I reconsider this "order" pursuant to Fed. R. Civ. P. 60 because they believe the failure to retain jurisdiction was "the result of mere mistake or oversight."  (Pls.' Motion, Docket No. 54, at ¶ 7)  Plaintiffs are incorrect, however, as there was no oversight, but rather a deliberate choice not to retain jurisdiction.  In addition, I find that Plaintiffs' allegations of a breach of the

settlement agreement do not constitute extraordinary circumstances sufficient to warrant relief under Rule 60(b).  *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) ("Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."); *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491 (6th Cir. 2000) (holding that trial court erred in granting Rule 60 relief because the moving party "was not really trying to reopen the dismissed suit, which would be the effect of a Rule 60(b)(6) motion setting aside the final judgment, but were instead trying to get the judge to interpret the agreement, giving them the benefit of their bargain") (internal quotations omitted).  Therefore, Plaintiffs' motion to reconsider will be denied.

In addition, on March 6, 2007, Plaintiffs' filed a letter requesting a thirty-day extension of time to obtain new counsel in this matter.  This time has now expired, and therefore this letter, which I construe as a motion, will be denied as moot.

Accordingly, it is ordered:

1. Plaintiffs' motion to reconsider, filed February 19, 2007 (Docket No. 54), is denied.

2. Plaintiffs' motion for extension of time, filed March 6, 2007 (Docket No. 55) is denied as moot.

DATED at Denver, Colorado, on April 10, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge